## DiPietro v. Racoosin

*Nicholas Vadino, Jr.*, for plaintiff.
*Edward S. Lawhorne* and *Francis T. Sbandi*, for defendants.

REED, JR., *J.*, May 30, 1974—On March 20, 1968, the Township of Aston adopted ordinance no. 333 creating the position of chief of police. On February 20, 1974, the township adopted ordinance no. 385, repealing ordinance no. 333 and creating the positions of superintendent of police and chief of

police. Plaintiff, the Chief of Police of Aston Township, brings this action in equity to preliminarily and thereafter perpetually enjoin defendants, township commissioners, from finally adopting, enacting, or implementing ordinance no. 385.

We first issued a preliminary injunction without notice or hearing. After a full hearing, we entered an order continuing that preliminary injunction, prohibiting defendants, "from taking any further steps or doing anything to make Ordinance No. 385 effective . . . until . . . hearing . . . on the complaint."

Defendants have appealed the entry of this order to the Commonwealth Court.[1]

Defendants interpret The First Class Township Code to allow for creation of both a superintendent and a chief of police as co-existing offices and hence apparently leaving no place for equity jurisdiction. We do not agree.

The First Class Township Code provides: "The Board of Commissioners may designate the *Superintendent or the Chief of Police and* other officers who shall serve until their successors are duly designated and qualified." May 27, 1949, P.L. 1955, sec. 30, 53 PS §56402. (Emphasis supplied.)

"The Chief of Police and policemen shall obey the orders of the Board of Township Commissioners or such other person or committee as may be designated by Ordinance or resolution of the Board for such purposes." May 27, 1949, P.L. 1955, sec. 30, 53 PS §56405.

With these two sections carving out their power, the board of commissioners in 1968 adopted ordinance no. 333:

---

1. The appeal was subsequently discontinued. —Ed.

"§I. There is . . . established the position of Chief of Police who shall be designated or appointed by the Board of Township Commissioners.

"§II. The Chief of Police, subject to the orders of the Board of Township Commissioners or such other person or committee as may be designated by Ordinance or resolution of the Board for such purposes, shall be responsible for the administration and operation of the police force and the supervisor of the members thereof . . ."

In February of 1974, the board of commissioners, reading the same sections, adopted ordinance no. 385, repealing ordinance no. 333, and provided:

"§II. There is hereby established the position of Superintendent of Police who shall be designated or appointed by the Board of Township Commissioners.

"§III. The Superintendent of Police, subject to the Orders of the Board . . ."

(The remainder is a direct quote of §II of ordinance no. 333 supra.)

"§IV. There is hereby established the position of Chief of Police who shall be designated or appointed by the Board of Township Commissioners.

"§V. The Chief of Police, subject to the Order of the Board of Commissioners and provisions of §III hereof . . ."

In all pertinent respects, ordinance no. 385 creates two identical, co-equal, and co-existent positions of headship, authority, and supervision over the police department, though with different titles.

This is not the intendment, purpose nor vision of the Township Code. For simple and obvious reasons of common sense and practicality, the code

provides for only one head of the police department, who may be superintendent or chief of police. The legislature, in enacting a law, does not intend a result that is absurd, impossible of execution or unreasonable. May 28, 1937, P.L. 1019, art. IV, sec. 52, 46 PS §552.

A *superintendent* is one who supervises or directs some undertaking, institution or the like; a manager; and supervise or to direct and inspect the performance of workers or work; to oversee. A *chief* is one who is highest in rank or authority; a leader, having the highest or most important position: The American Heritage Dictionary of the English Language.

Both positions are premier, without peer, though they perhaps connote different organizational structures. A chief is usually the title given to the head of a force, without departments, while a superintendent is the title usually given to one who heads a departmentalized force. However, either title may be used or applied as the governing body directs to the head of its police force, but there cannot be two chiefs or heads of the same force. Defendants may well have been misled by the titles mentioned in the act but thoughtful consideration makes clear that this does not vest the power to nullify the office of one chief by simply creating another chief, with another title.

We deemed it essential that the status quo continue; that the position and rights of plaintiff be preserved, and that the administration of the Township police force be maintained, until a final hearing. Therefore we entered a preliminary injunction.